■ In the Matter of the Disciplinary Charges Against JOSEPH L. BENEDETTO, an Employee of the Suffolk County District Court.— By order of this court dated November 16, 1970, made pursuant to section 25.32 of the Rules

of the Administrative Board of the Judicial Conference (22 NYCRR 25.32), the Honorable DANIEL G. ALBERT, a Justice of the Supreme Court, Nassau County, was designated (1) to hold a hearing on stated charges of misconduct preferred (by notice of the Chief Clerk of the District Court of Suffolk County, served November 4, 1970) against respondent, a Court Reporter–I; (2) to make a record of such hearing, with his recommendations; and (3) to refer such record and recommendations to this court for review and decision. The hearing has been held and Justice ALBERT has submitted a report, containing recommendations, to this court. There were 19 charges preferred against respondent. Eleven of them (Charges I, II, V, X, XI, XII, XIII, XIV, XV, XVI and XVII) involved certain decisions of Judges of the District Court. In Charge I respondent is alleged to have willfully and without authority destroyed the stenographic notes of a decision rendered by Judge GREEN and to have erroneously transcribed the decision as purporting to grant a *Huntley* hearing when, in fact, no such hearing had been demanded. In Charge II respondent is alleged to have unreasonably delayed the transcription and mailing of certain decisions of the District Court. In Charges V and XVII respondent allegedly refused to comply with directives of Judge COLANERI to typewrite certain decisions. Charge X involved respondent's refusal to comply with Judge COLANERI's request to typewrite a decision. In Charge XI respondent is alleged to have attempted, without authority, to have another employee typewrite decisions which had been forwarded to him (respondent) by Judge FLOYD. In Charge XII respondent allegedly refused to comply with a direct order by Judge NUCCI to typewrite certain decisions. In Charges XIII and XV respondent is alleged to have willfully refused to comply with directives of the Chief Clerk of the District Court that he typewrite certain decisions and give priority to some of Judge NUCCI's decisions. In Charge XIV respondent allegedly refused to comply with a written and oral directive by the Chief Clerk to acknowledge receipt of the directive referred to in Charge XIII. In Charge XVI respondent allegedly failed to comply with the Chief Clerk's directive that he give details of the work other than the decisions which respondent said he had to do and that he give the Chief Clerk a copy of the order which respondent claimed he had from the Administrative Judge excusing respondent from typewriting these decisions. All of the foregoing 11 charges were found by Justice ALBERT to have been sustained, except Charge XVII, as to which no proof had been adduced. Five additional charges (IV, VI, VII, VIII and XIX) involved certain derelictions with respect to respondent's attendances and absences. In Charges IV and VII he allegedly failed to comply with directives that he indicate the times of his arrival and departure on certain specified dates. In Charge VI he is alleged to have been absent on a specified date and to have falsely represented that he was ill. In Charge VIII he allegedly failed on several specified occasions to comply with a requirement that he notify the Chief Court Reporter on the mornings of his contemplated absences because of illness. In still another charge (IX) he is alleged to have failed to comply with a request by the Deputy Clerk that he explain his departure from the court on a specified date and to have unreasonably delayed to respond to a similar directive by the Administrative Judge. In Charge XIX he is alleged to have willfully and without authority left his place of assignment earlier than he had received permission so to do and to have thereby left the court without a reporter when it reconvened. Three of these six charges (VI, VIII and IX) were found to have been sustained. Another charge (III) involved respondent's failure to comply with his superior's written demand that he account for time spent and equipment used during court hours in connection with his activities as " employee-representative ",

Justice ALBERT's report recommends that this charge be dismissed. Finally, one charge (XVIII) dealt with respondent's willful refusal to fill out and typewrite a marriage certificate in compliance with a directive from Judge FLOYD. This charge was found to have been sustained. In finding that 14 of the 19 charges were sustained, as above noted, Justice ALBERT concluded that the acts of misconduct in said 14 sustained charges (1) constituted gross insubordination which persisted over a long period of time despite several warnings, (2) consumed the time of several of the District Court's key administrative personnel in attempting to have respondent perform the duties assigned to him and (3) interfered with the efficient operation of the court. Accordingly, Justice ALBERT recommended that respondent be dismissed. The aforesaid findings that 14 of the 19 charges were sustained are confirmed, except with respect to Charge I and part of Charge IX, as hereinafter noted. The proof with respect to Charge I established that respondent erroneously transcribed the decision of Judge GREEN. However, the thrust of the charge is that respondent willfully and wrongfully destroyed his notes. The willfulness and wrongfulness of this destruction were not in our opinion established. As for Charge IX, we are of the opinion that it was established only insofar as it charged respondent with willfully failing to comply with the Deputy Clerk's request that he explain his departure from the court on August 1, 1968. We are nevertheless of the opinion that the charges which were found to have been sustained and which we confirm to the extent above noted adequately justify Justice ALBERT's recommendation that respondent be dismissed. Respondent has demonstrated a consistent disregard for the authority of his superiors and a recalcitrant and dilatory attitude towards his assignments to the point where he has intolerably frustrated the efforts of the administrators of the Suffolk County District Court to achieve maximum efficiency on the part of its personnel within its limited budget. Because of his obvious distaste for the work which he considered outside the scope of his duties as a court reporter, he manifested a perspective with respect to the priority he claimed the transcripts rated over the decisions, which, in our opinion, was not only unjustified but was lacking in *bona fides*. He struck no reasonable balance between the two types of assignments, which balance, in our opinion, any reasonable employee sincerely motivated by a desire to co-operate with his superiors could well have achieved. Instead of inviting, through proper administrative and appellate channels, a final determination of his claim urged on this appeal that the typewriting of decisions constituted " out-of-title " work, he chose to feign compliance with the directives of his supervisors by typewriting the decisions at his convenience and not in accordance with the needs of the Judges and the administrators of the court. He chose dogmatically to adhere to the meritless excuse that section 302 of the Judiciary Law mandated the priority which he gave to the transcripts over the decisions. In doing so, he took it upon himself to indirectly resist prior administrative determinations in analagous situations where technically " out-of-title " assignments were justified because of the existence of emergency conditions precipitated by a limited budget (cf. *Matter of Grievance of D'Alessio* [App. Div., 2d Dept. (J. Adm. — 130), dec. Feb. 7, 1969]). He also predetermined and avoided a direct confrontation on an issue which could very well have been resolved against him on an appellate level predicated on the exhibits in the record which reflected that, in creating and continuing the position to which respondent was appointed, provisions were made by the Administrative Board of the Judicial Conference for the assignment of the duties in question under circumstances such as existed at bar. In view of the foregoing and predicated on the cumulative incidents of misconduct

reflected in the charges herein found to have been sustained, we confirm the findings of Justice ALBERT to the extent indicated hereinabove and agree with his recommendation that the penalty of dismissal is warranted. Accordingly, respondent is dismissed, effective immediately. Rabin, P. J., Hopkins, Munder and Latham, JJ., concur; Martuscello, J., concurs in the confirmation of the report to the extent of the findings of guilt, or otherwise, on the charges, but dissents with respect to the penalty and votes to suspend respondent from his position for a period of two months without pay, in addition to the 30 days' suspension initially imposed, with the following memorandum: Respondent is 52 years old, an honorably discharged veteran of World War II, married and a grandfather of four. He was employed by both the Federal (I. C. C.; F. C. C.; Quartermaster Procurement Agency) and the State Governments (hearing reporter in the Attorney-General's office) before assuming his present position as one of the original three reporters for the District Court from its inception on January 1, 1964. Prior to his State job he was a free-lance shorthand reporter for former Commissioner Mulrooney as Impartial Chairman of the hotel industry. He also worked as a substitute court reporter in the following courts in New York City: General Sessions, Special Sessions, Domestic Relations Court and Municipal Court. He also did some work as a shorthand reporter in the courts for the District Attorney of Suffolk County. He is four years away from a pension and was at the time of most of his alleged acts of misconduct President of the Suffolk Chapter of the Court Employees Unit of the Civil Service Employees Association and the employee representative for that group in the District Court. Of the 12 charges (II, V, VI, VIII, X, XI, XII, XIII, XIV, XV, XVI and XVIII) which this court finds were sustained and the one charge (IX) which this court concludes was sustained only in part, 10 involved some form of dereliction with respect to decisions. I agree that respondent's refusal and failure to comply with the directives of the Judges and of the Chief Clerk with respect thereto constituted insubordination. I also do not condone the course of conduct in which respondent chose to engage and I agree with the majority's analysis and condemnation thereof. However, in considering the penalty to be imposed, I am inclined toward the view that respondent's resistance to and his obvious distaste for what he considered to be " out-of-title " assignments are understandable and not completely lacking in principle, particularly in view of respondent's role and perspective as a CSEA representative. As for the remaining charges found to have been sustained, I am of the opinion that respondent's conduct therein faulted is inexcusable, but nevertheless not of such serious significance as to warrant the penalty of dismissal. By reason of the foregoing, and because of respondent's prior record, his personal and familial background, and the fact that he is four years away from a pension, I am persuaded to consider the penalty of dismissal too severe. Accordingly, I vote for suspension as above noted.